MANRIQUE, PETITIONER AND APPELLANT, *v.* DIEZ, MUNICIPAL JUDGE, RESPONDENT.

APPEAL from the District Court of Humacao in *Certiorari* Proceedings.

No. 1236.—Decided March 25, 1915.

CERTIORARI.—The writ of *certiorari* lies only when there is no speedy and adequate remedy by appeal.

ID.—DEFAULT ENTERED AFTER TRIAL—DEFECTIVE PROCEDURE.—The action of a court in entering a default after the trial and before judgment, instead of before the trial, is a mere informality and not a defect of procedure such as would give the right to invoke the law of *certiorari*.

LEASE—JOINT AND SEVERAL OBLIGATIONS—PRESUMPTION.—In the present case it was contended that the obligation was joint and not several and that judgment should have been rendered against each lessee for half the sum claimed in conformity with sections 1004 and 1005 of the Civil Code. *Held:* (1) That even supposing that the provisions of these sections are applicable to tenancy, it would be a matter of substance and not of procedure; (2) that judgment having been rendered, the presumption would arise that the obligation was several and not joint.

The facts are stated in the opinion.

*Mr. C. Buitrago* for the appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The appeal in this case is a frivolous one. Rafael Ramos Acosta and Julia Santana Giménez obtained in the Municipal Court of Caguas a judgment against their tenants, Cipriano Manrique and Marcelino A. Solá, in the sum

of $180. The time for appeal to the District Court of Huma-
cao expired and neither of the defendants appealed. Subse-
quently, defendant Cipriano Manrique presented to the Dis-
trict Court of Humacao a petition in *certiorari* against the
Municipal Court of Caguas. The court heard the writ and
very properly annulled the same. The only grounds for its
issuance were that the municipal court had unduly proceeded
to trial without having first rendered a judgment by default
against defendant Marcelino A. Solá, who was cited and
failed to appear, and that the municipal court unduly ordered
the entry of the default after the trial and before judgment.

Both defendants were served with process. The munici-
pal court fixed a day for the trial, heard the proof, took
the case under advisement and, pending decision, entered
the default of Marcelino A. Solá. The district court very
properly said that the action of the municipal court in enter-
ing the default after, instead of before, the trial, was a mere
informality and did not injure any of the rights of the peti-
tioner, who had had his full day in court and might very well
have appealed. We agree further with the district court that
the writ of *certiorari* only lies when there is no speedy and
adequate remedy by appeal. *Aramburu* v. *Córdova,* 17
P. R. R., 913.

We likewise think that the action of the municipal court
was a mere informality and not a defect of procedure such
as would give a right to invoke the law of *certiorari.*

One might wonder what possible prejudice the appellant
could allege. He maintains that the obligation was joint
and not several, and that judgment should have been ren-
dered against each lessee for half the sum, following sec-
tions 1104 and 1105 of the Civil Code. In the first place,
supposing the principle of these sections applies to tenancy,
this is a matter of substance and not of procedure. In the
second place, the record shows that this question was not
raised in the municipal court by the petitioner, nor has any
effort been made to have the judgment reformed. In the

third place, judgment being rendered, the presumption would arise that the obligation was several and not joint, and that the proof showed it.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.